UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **DERRICK CORPORATION,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| v. | ) | |
| | ) | Judge _____ |
| **SCREEN LOGIX, LLC,** | ) | |
| | ) | |
| **AXON EP, INC. d/b/a AXON ENERGY PRODUCTS,** | ) | Magistrate Judge _____ |
| | ) | |
| and | ) | JURY DEMAND |
| | ) | |
| **JEFFREY WALKER,** | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Derrick Corporation ("Derrick"), who hereby brings this Complaint against Defendants, Screen Logix, LLC ("Screen Logix"), Axon EP, Inc. d/b/a Axon Energy Products ("Axon"), and Jeffrey Walker (collectively, "Defendants"), and in so doing alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 271, *et seq.*

### PARTIES

2. Derrick is a New York corporation having its principal place of business in Buffalo, New York.

3. Screen Logix is a Texas limited liability company having its principal place of business in Houston, Texas, and having a manufacturing plant in Kaplan, Louisiana.

1

4. Axon is a Texas corporation having its principal place of business in Houston, Texas, and facilities in Kaplan, Louisiana, and Broussard, Louisiana.

5. On information and belief, Jeffrey Walker is a natural person domiciled in Lafayette Parish, Louisiana.

## JURISDICTION AND VENUE

6. This action arises under the Patent Act, 35 U.S.C. §§ 1-376, and any applicable statutory and civil laws of Louisiana. This Court has jurisdiction over this action pursuant to 35 U.S.C. §§ 271, *et. seq*, and 28 U.S.C. §§ 1331, 1332(a), 1338, and 1367. This Court has jurisdiction over Defendants based on their contacts with Louisiana. As explained more fully below, Defendants manufacture, market, offer to sell, and/or sell certain infringing products from and within the Western District of Louisiana. Venue in this district is proper under 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND

7. For over half a century, Derrick has been an industry leader in the design and manufacture of screening equipment and screen surface technology used to address the specific demands of the Mining & Industrial, Oil & Gas Drilling, and Civil & Underground industries. The screening equipment Derrick manufactures and sells includes vibratory screening machines and replaceable screens that are used in the vibratory screening machines.

8. During this period, Derrick has spent considerable time, effort, and money in developing its screening technology, including its vibratory screening machines and replacement screens.

9. Derrick's innovation in the screening industry has been recognized and rewarded by the United States Patent and Trademark office through the issuance of numerous United States patents over the past half century.

### Derrick's Hyperpool Patent Family

10. Derrick is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,578,394 ("the '394 Patent"), issued August 25, 2009, entitled "Method and Apparatuses for Screening". Derrick is also the owner by assignment of all right, title, and interest in and to United States Patent No. 8,443,984 ("the '984 Patent"), issued May 21, 2013, which is a continuation-in-part of the '394 Patent. Derrick is also the owner by assignment of all right, title, and interest in and to United States Patent No. 9,027,760 ("the '760 Patent"), issued May 12, 2015, which is a continuation-in-part of the '984 Patent. Derrick is also the owner by assignment of all right, title, and interest in and to United States Patent No. 8,910,796 ("the '796 Patent"), issued December 16, 2014, which is a continuation of the '984 Patent. Derrick is also the owner by assignment of all right, title, and interest in and to United States Patent No. 9,199,279 ("the '279 Patent"), issued December 1, 2015, which is a continuation of the '984 Patent (collectively referred to as the "Derrick Hyperpool Patents"). Copies of the Derrick Hyperpool Patents are attached as Exhibit A.

### Defendants' Conduct

11. On information and belief, Defendants are in the business of actively manufacturing, marketing, offering to sell, and/or selling replacement screens ("Replacement Screens") that are a material part of, and have no substantial non-infringing use other than with, Derrick's vibratory screening machines, including the Derrick Hyperpool shaker machines.

Defendants are doing so while knowing that the Replacement Screens are especially made or especially adapted for use in an infringement of the Derrick Hyperpool Patents.

12. On information and belief, Mr. Walker is the president of Screen Logix and was acting as president at the time Defendants manufactured, marketed, and sold the Replacement Screens. Furthermore, Plaintiff alleges that Mr. Walker approved and/or induced and/or participated in Defendants' manufacturing, marketing, and selling of the Replacement Screens.

13. On information and belief, Defendants have never been issued a United States Patent for replacement screens and are in the business of manufacturing, marketing, and selling screens duplicated from Derrick's technologies, including Derrick's replacement screens for the Derrick Hyperpool shaker machines.

## COUNT I
(Patent Infringement Under 35 U.S.C. § 271)

14. Derrick re-alleges and incorporates by reference Paragraphs 1 through 13 as if fully set forth herein.

15. The Derrick Hyperpool Patents are, among other things, directed to replaceable vibratory screens that are used in vibratory screening machines. More particularly, the Derrick Hyperpool Patents are directed to replacement screens for the Derrick Hyperpool shaker machines.

16. On information and belief, Defendants have been and are currently directly and indirectly infringing, including jointly infringing, inducing infringement of, and/or contributing to the infringement of the Derrick Hyperpool Patents by, among other things, making, using, selling and/or offering for sale, directly and/or through intermediaries, replacement screens for the Derrick Hyperpool shaker machines.

17.     On information and belief, Defendants have been and are currently directly infringing, including jointly infringing, at least claims 25 to 35 of the '394 Patent, and claims 1 and 4 of the '796 Patent by, among other things, making, using, selling and/or offering for sale, directly and/or through intermediaries, replacement screens for the Derrick Hyperpool shaker machines.

18.     On information and belief, Defendants have been and are currently indirectly infringing, including inducing infringement of and/or contributing to the infringement of, at least claims 1 to 24 and claims 36 to 38 of the '394 Patent, claims 1, 2, 4, 5, 7 and 8 of the '984 Patent, claims 1 to 6, 10 to 26, and 37 to 39 of the '760 Patent, claims 6 to 10 of the '796 Patent, and claims 1 to 8, 10 to 13, 15, and 25 to 29 of the '279 Patent by, among other things, making, using, selling and/or offering for sale, directly and/or through intermediaries, replacement screens that are a material part of, and have no substantial non-infringing use other than with, Derrick's Hyperpool shaker machines. Defendants are doing so while knowing that the screens are especially made or especially adapted for use in an infringement of the Derrick Hyperpool Patents.

19.     On information and belief, Defendants had notice of the Derrick Hyperpool Patents prior to the filing of this Complaint.

20.     On information and belief, Defendants are actively inducing others to infringe, and are contributing to the infringement of, the Derrick Hyperpool Patents.

21.     On information and belief, Defendants' infringement of the Derrick Hyperpool Patents has been, and continues to be, willful and deliberate.

22.     As a direct and proximate consequence of the acts and practices of Defendants, Derrick has been, is being, and unless such acts and practices are enjoined by the Court, will

continue to be irreparably injured in its business and property rights, and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under 35 U.S.C. § 284.

## REQUEST FOR RELIEF

WHEREFORE, Derrick requests that judgment be entered in its favor as to all causes of action asserted against Defendants and granting Derrick the following relief:

1. Awarding Derrick judgment in its favor as to each of its counts and causes of action against Defendants and awarding Derrick all of its damages caused by Defendants;

3. Declaring that the Derrick Hyperpool Patents are valid and enforceable;

4. Declaring that Defendants directly and jointly infringed at least the '394 Patent and the '796 Patent;

5. Declaring that Defendants indirectly induced the infringement of, and/or contributed to the infringement of, at least the '394 Patent, '984 Patent, '760 Patent, '796 Patent, and '279 Patent;

6. Temporarily, preliminarily, and permanently enjoining Defendants and their owners, shareholders, directors, officers, agents, servants, employees, legal representatives, affiliates, successors and assigns and all those acting on their behalf or in concert with any of them from engaging in acts of infringement of the Derrick Hyperpool Patents, pursuant to 35 U.S.C. § 283;

7. Awarding Derrick damages adequate to compensate for Defendants' infringement of the Derrick Hyperpool Patents, together with interest and costs pursuant to 35 U.S.C. § 284;

8. Awarding Derrick treble its damages pursuant to 35 U.S.C. § 284;

9. Entering an order declaring this an exceptional case pursuant to 35 U.S.C. § 285 and awarding Derrick its reasonable attorneys' fees, costs, and expenses;

10. Awarding Derrick profits, gains, and advantages derived from Defendants' unlawful acts, and increased pursuant to the principles of equity and other applicable Louisiana and federal statutory and common law;

11. Awarding Derrick such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Derrick respectfully requests a jury trial on all issues so triable.

Respectfully submitted,

BY: /s/ Jay M. Mattappally
**ADAMS AND REESE LLP**

**JASON P. MUELLER** (#28698)
**GREGORY F. ROUCHELL** (#28746)
**JUSTIN J. BORON** (#33023)
**JAY M. MATTAPPALLY** (#35229)
701 Poydras Street, Ste. 4500
New Orleans, Louisiana  70139
Phone: (504) 581-3234
Fax:    (504) 556-0210
Email: jason.mueller@arlaw.com
        gregory.rouchell@arlaw.com
        justin.boron@arlaw.com
        jay.mattappally@arlaw.com

*Attorneys for Derrick Corporation*